IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Marie Gantt,<br><br>                               Petitioner,<br>v.<br><br>United States of America,<br><br>                               Respondent. | Criminal No. 3:21-cr-521-SAL<br>Civil No. 3:23-cv-1426-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court on Petitioner Angela Marie Gantt's motion to vacate under 28 U.S.C. § 2255. [ECF No. 72.] The Government filed a response in opposition and motion for summary judgment opposing the § 2255 petition. [ECF No. 112.] These motions are fully briefed and ripe for this court's review. For the reasons below, the court **GRANTS** the Government's motion for summary judgment, ECF No. 112, and **DENIES** Petitioner's motion to vacate, ECF No. 72.

## BACKGROUND

On February 1, 2022, pursuant to the terms of a written 11(c)(1)(C) plea agreement, Petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF Nos. 56, 57, 58.] Pursuant to the terms of the 11(c)(1)(C) plea agreement, the agreed-upon sentence was 120-months, and, in exchange for the guilty plea, the Government agreed to dismiss four other counts with higher statutory penalties. Then, on April 5, 2022, the court sentenced Petitioner to the agreed-upon sentence of 120 months'

1

imprisonment, and the court also gave Petitioner a three-year term of supervised release. *See* ECF Nos. 67, 68.

Petitioner did not file a direct appeal.

On April 6, 2023, the court received a motion from Petitioner seeking to vacate, set aside, or correct her sentence pursuant to § 2255, alleging the following grounds for relief (excerpted verbatim):

> **GROUND ONE:** Petitioner's lawyer procedurally defaulted when he failed to notify the Court that the AUSA Casey Rankin Smith was her state solicitor and has known her and her family her whole life and prosecuted her on state level.
>
> **Supporting Facts:** Petitioner contends that by Prosecutor Rankin-Smith knowing and prosecuting her and her brother on a state level and has prosecuted her, her whole life, it biased the proceeding and the judge, as well as her influenced her outcome at sentencing. Petitioner contends that she felt very strongly that there was a personal vendetta due to Prosecutor Rankin-Smith's prior involvement in her legal proceedings, and she expressed this to her Counsel Ian Duggan multiple times. Petitioner sensed there was definitely a conflict of interest in her prosecution.
>
> **GROUND TWO:** Petitioner was unjustly sentenced 3 years above her guidelines without good cause for an upward variance.
>
> **Supporting Facts:** The District Court erred in departing upward from Petitioner's guideline range of 84–86 months. The Petitioner's minimum mandatory for her 922(g) conviction was 60 months and her guidelines were 84 months. The Petitioner received 120 months, but the court failed to specify why her statutory guidelines range were departed from upward. Petitioner's unjust sentence is unreasonable and does not reflect a just judgment for her offense.
>
> **GROUND THREE:** Petitioner's 922(g) charge is unconstitutional and infringes on her 4th amendment rights. There was no "actual possession of the firearm."
>
> **Supporting Facts:** Petitioner's 922(g) infringes on her 4th amendment rights to protect herself and is unconstitutional. When Petitioner was

> approached by law enforcement she was outside of her vehicle and the firearm was in the vehicle glove compartment and the clip was in the console. The gun was not in "actual possession" of the firearm on the Petitioner but the conduct charged violates on her 4th amendment rights.

[ECF No. 72 at 4, 5, 7 (errors in original).]

The Government filed a response in opposition and motion for summary judgment. [ECF No. 112.] Petitioner has not responded.[1] These motions are ripe and ready for this court's review.

## LEGAL STANDARDS

**I.     Summary Judgment**

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

A federal prisoner in custody may challenge the fact or length of her detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set

---

[1] However, since the filing of these motions, Defendant's sentence has been amended and lowered to a term of 100 months' imprisonment with a three-year term of supervised release. *See* ECF No. 127.

3

the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

A petitioner cannot ordinarily bring a collateral attack based on issues litigated on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976), *cert denied*, 429 U.S. 863 (1976). That said, there is an exception to this rule when a petitioner can show an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974). The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

## DISCUSSION

The court considers each of Petitioner's grounds for relief below.

### I.   Ground One

In Ground One, Petitioner alleges her attorney was ineffective in that he failed to notify the court that the Special Assistant United States Attorney ("SAUSA"), Casey Rankin-Smith, prosecuting Petitioner's case had also prosecuted Petitioner at the state level. According to Petitioner, this presented a conflict of interest for the SAUSA. As she describes it, Petitioner "felt very strongly that there was a personal vendetta due to Prosecutor Rankin-Smith's prior

involvement in her legal proceedings, and she expressed this to her Counsel Ian Duggan multiple times." [ECF No. 72 at 4.]  The Government responds that this "claim is without merit; there was no vendetta or animus, and therefore nothing for defense counsel to bring to Judge Wooten's attention." [ECF No. 112-1 at 9.]  The Government asserts Petitioner has failed to demonstrate deficient performance, and, accordingly, her Ground One fails.

Petitioner's first ground is based on a claim that she received ineffective assistance of counsel.  The Sixth Amendment right to counsel includes the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To establish a violation of the Sixth Amendment's guarantees based on the ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different.  *Id.* at 694.  A "strong presumption" exists that counsel's performance fell within a "wide range of reasonable professional assistance." *Id.* at 689.  In addition, the "reasonable probability" contemplated by the second prong of this analysis is "a probability sufficient to undermine confidence in the outcome" of the trial.  *Id.* at 694.  When a court evaluates an attorney's performance under the *Strickland* standard, it must "eliminate the distorting effects of hindsight, . . . reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct from counsel's perspective at the time." *Id.* at 690.

Petitioner generally alleges the SAUSA that prosecuted her had a conflict of interest based on the SAUSA's prior prosecution of Petitioner in state court.  *See* ECF No. 72 at 4.  But the Government responds there was no conflict of interest.  As referenced by the Government, prosecutors can have conflicts of interest where the prosecutor or a family member stands to benefit financially from the outcome or a criminal or "where the prosecutor has such personal

animus or other emotional interest in the outcome of a case that impartial judgment becomes impossible[.]" [ECF No. 112-1 at 8 (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987); *United States v. Farrell*, 115 F. Supp. 3d 746, 754–58 (S.D.W. Va. 2015) ("[C]ourts have suggested that a prosecuting attorney's unusually strong emotional interest in the outcome of a case, or personal animus toward a defendant, might call into question the prosecutor's exercise of impartial judgment."))].  But "[b]are claims of animosity are generally not sufficient to support relief."  *Id.* (citing *United States v. McKinney*, No. 06-20078-01-JWL, 2015 WL 13357599, at *2 (D. Kan. Sept. 9, 2015)).  According to the Fourth Circuit,

> To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus. . . .  If the defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed.  To invoke such a presumption, a defendant must show that the circumstances "pose a realistic likelihood of 'vindictiveness.'"

*United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)) (other internal citations omitted).

The Government argues Petitioner has not met her burden of demonstrating any prosecutorial vindictiveness by the SAUSA who handled her case.  Indeed, since Petitioner did not respond to the Government's brief, the only claims regarding the SAUSA's purported conflict of interest are in Petitioner's motion where she asserts the SAUSA knew her and her family her whole life and has previously prosecuted Petitioner.  None of that is evidence that shows genuine animus or from which an improper vindictive motive could be presumed.

The Government cites plea counsel's affidavit where he affirms he knew the SAUSA had prosecuted Petitioner at the state level, and he "remember[ed] generally advising Ms. Gantt that the fact that an individual served as a prosecutor for two separate prosecuting governments did

6

not, in [his] estimation, present a conflict of interest." [ECF No. 112-2 at 3.] Further, in his affidavit, plea counsel describes the SAUSA as "generally firm but fair" in Defendant's case. *Id.*

The Government also points the court to the record, which it claims undermines Petitioner's claims of a vendetta by the SAUSA. [ECF No. 112-1 at 10.] As characterized by the Government,

> The prosecutor allowed Gantt to avoid every mandatory minimum, the counts that carried up to 40 years in prison, the count that carried up to Life in prison, the count that carried mandatory consecutive time, the count with the higher advisory guidelines, and the prosecutor dismissed numerous felonies pending against Gantt. The record shows restraint, not vindictiveness.

*Id.* The court agrees with that description of the record. Considering Petitioner's claims of a conflict of interest in conjunction with plea counsel's affidavit and the record of Petitioner's guilty plea and sentencing, the court must conclude there is no genuine issue of material fact as to whether the SAUSA who prosecuted this case had a conflict of interest or any prosecutorial vindictiveness toward Petitioner. Accordingly, Defendant has also failed to demonstrate deficiency by plea counsel or prejudice. The court thus grants the Government's motion for summary judgment as to Ground One.[2]

## II. Grounds Two and Three

In Ground Two, Petitioner asserts she was unjustly sentenced to three years above the guidelines without good cause for the upward variance. In Ground Three, Petitioner claims the § 922(g) charge against her is unconstitutional and infringes on her Fourth Amendment rights as there was no "actual possession" of the weapon in her case. According to the Government, both

---

[2] To the extent Petitioner's Ground One can be read as a freestanding claim of prosecutorial misconduct, that claim is procedurally defaulted since it was not raised to the trial court or on direct appeal. Further, for the reasons outlined here, there is also no genuine issue of material fact as to the freestanding claim with the record before the court.

of these grounds must be dismissed because they are procedurally defaulted. That is, they are grounds she should have raised in a direct appeal, but she did not do so, and they are now unavailable in this collateral appeal.

The court agrees with the Government. These grounds are procedurally defaulted because they were not raised to the plea court and then on direct appeal. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 164–66 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Defaulted claims, such as these may only be considered on collateral review if a petitioner shows both cause for the failure to bring the claim on direct review and that she suffered actual prejudice as a result of the error she alleges. *Id.* at 167–68. A petitioner claiming actual prejudice "must shoulder the burden of showing, not merely that the errors at [her] trial created a *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Id.* at 170 (emphasis in original). Here, Petitioner has made no such showing. In her motion, Petitioner offers only that she did not understand her right to a direct appeal. *See* ECF No. 72 at 7, 8. And she has filed no response to the Government's motion, thus failing to offer any additional cause or prejudice for her failure to raise these issues. This court dismisses Petitioner's Grounds Two and Three as procedurally defaulted.

Moreover, the Government would be entitled to summary judgment on these claims even if they were not defaulted. For example, as argued by the Government and detailed above, to the extent Petitioner's Ground Two is based on allegations of a conflict of interest by the prosecutor, it lacks merit. Further, the record demonstrates that Petitioner was facing a total of five counts and much more time incarcerated than she received when the Government agreed to dismiss four counts in exchange for an agreed-upon sentence of 120 months. *See* ECF No. 80 at 7–21. In fact,

during the sentencing proceeding, the court specifically asked the Government to explain how the calculated guideline range was 70 to 87 months but the agreed-upon sentence was 120 months. *See id.* And the SAUSA explained that based on Petitioner's conduct and the charges Petitioner was facing, Petitioner's prior record, and absconding of state charges, they felt the 120-month sentence was appropriate. *Id.* at 10. Plea counsel also explained how the parties reached that outcome and asked the court to accept it. *Id.* at 10–12. The court accepted the agreed-upon sentence and explained his reasons for doing so. *Id.* at 20–21. There is no merit to Petitioner's claim that she was unjustly sentenced above her guidelines without explanation.

As to Ground Three, for the reasons set forth in the Government's motion, it too would fail based on the record before this court. *See* ECF No. 112-1 at 13–19. Most notably, the court specifically questioned Petitioner about her possession of the firearm and ammunition, and she admitted to that possession and further affirmed she was guilty of the offense. [ECF No. 92 at 34–36.]

The court grants the Government's motion for summary judgment as to Grounds Two and Three because they are procedurally defaulted. But, even if they were not, or if Petitioner offered sufficient cause and prejudice for the default, the court would find summary judgment warranted in that there is no genuine issue of material fact as to those grounds.

## CONCLUSION

Having found that Petitioner has failed to demonstrate any material issue of fact as to the claims raised in her § 2255 motion, Respondent's motion for summary judgment, ECF No. 112, is **GRANTED**, and Petitioner's motion to vacate under 28 U.S.C. § 2255, ECF No. 72, is **DENIED**.

9

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

November 4, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."